# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CORY O'DELL DERRICK,

        Plaintiff,        Case Number: 2:19-cv-13123
                                    HON. VICTORIA A. ROBERTS

v.

ISABELLA COUNTY TRIAL COURT
and MARK H. DUTHIE,

        Defendants.
_____/

## **ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

      This matter is before the Court on Plaintiff Cory O'Dell Derrick's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Derrick is confined at the Isabella County Jail in Mt. Pleasant, Michigan. He names two defendants: the Isabella County Trial Court and Isabella County Judge Mark H. Duthie. The complaint alleges that Judge Duthie denied Derrick the right to self-representation and improperly denied a request to withdraw his waiver of the 180-day rule as set forth in Mich. Comp. Laws § 780.131(1). Plaintiff does not specify the relief sought. The complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) because the defendants are immune from suit.

**II.    Standard**

      Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as

"a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III.    Discussion**

Derrick's complaint focuses on an ongoing criminal proceeding in Isabella County Circuit Court. He claims that, on October 21, 2019, Judge Duthie denied him his right to self-representation more than three times. Derrick also claims that Judge Duthie violated his rights by denying his request to withdraw his waiver of Michigan's speedy trial rule.[1]

Judges are absolutely immune from civil rights suits for money damages when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, i.e., whether it is a function normally performed by a judge,'" and "'the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id*. at 12. Injunctive relief against a judicial officer is also foreclosed under 42 U.S.C. § 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." *Kipen v. Lawson*, 57 Fed. App'x 691 (6th Cir. 2003).

The conduct challenged by Derrick arises from Judge Duthie's rulings in Derrick's

---

[1] Approximately one week after filing this complaint, Derrick filed a similar complaint naming the same defendants named in this case but raising an additional claim. *See Derrick v. Isabella County Trial Court, et al.*, No. 19-13206. That case is pending before a different district judge.

criminal case. This conduct was well within the scope of Judge Duthie's judicial capacity, and Derrick does not allege Judge Duthie acted in absence of jurisdiction or in violation of a declaratory decree. Accordingly, Judge Duthie is immune from suit.

Isabella County Circuit Court is also immune from suit. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010). Accordingly, Isabella Circuit Court is immune from suit.

**IV.    Conclusion**

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2).

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma*

4

*pauperis.  See* Fed. R. Civ. P. 24(a)(5).

    SO ORDERED.

                                                 s/ Victoria A. Roberts
                                               VICTORIA A. ROBERTS
                                               UNITED STATES DISTRICT JUDGE

Dated: 12/6/19